## FLOYD STROUD *v.* STATE.

### Opinion delivered February 16, 1925.

1. CRIMINAL LAW—CONVERSATION OF DEFENDANT AND ACCOMPLICE.— In a prosecution for being accessory before the fact to the crime of arson, testimony as to a telephone conversation between defendant and a co-oconspirator, though had after consummation of the conspiracy, is admissible where it involved proof of something which defendant himself did and which had a probative value in the case.

2. CRIMINAL LAW—ACTS OF CO-CONSPIRATOR AFTER COMMISSION OF OFFENSE.—Where defendant and another were charged with inducing a third person to commit arson, testimony that defendant's co-conspirator after its commission gave to witness money for defense of such third person was incompetent against defendant, though witness delivered the money to the attorney in defendant's presence where it does not appear that defendant understood or was party to the transaction.

Appeal from Franklin Circuit Court; *James Cochran,* Judge; reversed.

*J. E. Chambers, Benson & Benson, June P. Clayton, Linas A. Williams* and *Hays, Priddy & Hays,* for appellant.

*J. S. Utley,* Attorney General, and *Darden Moose, Assistant,* for appellee.

HUMPHREYS, J. What we have said in the case of *W. D. Stroud* v. *State,* No. 3029, is decisive of the case of *Floyd Stroud* v. *State.* These are companion cases. The appellants are brothers, and, while they were separately tried, they were each tried upon the theory that they had conspired together to cause the storehouse of R. A. Harkins & Company to be burned, and that, pursuant to this conspiracy first formed between themselves, they had employed T. B. Wackerly to burn the building, or to procure some one to do so. Much of the testimony in the two cases is identical, and no useful purpose would be served in repeating it here or in restating the theory on which the State asked and secured a conviction.

The admission of the testimony in regard to the telephone conversation between Floyd McCuen and Floyd Stroud was condemned as erroneous and prejudicial in the case of W. D. Stroud, because it occurred after the consummation of the conspiracy and in the absence of W. D. Stroud.

But this testimony was admissible against Floyd Stroud, because it involved proof of something which he himself did, and proof of any act or declaration of the party on trial having probative value is admissible against him, even after the completion of the conspiracy.

The case against Floyd Stroud must, on the authority of what we have said in the W. D. Stroud case, be reversed, however, on account of the admission of the testimony of Roscoe Perkins. This witness testified that he knew both W. D. Stroud and Floyd Stroud, and remembered the occasion of the burning of the Harkins & Company building at Ratcliff. That W. D. Stroud had given him $100 in bills to deliver to the attorney who was representing Wackerly, and that he delivered this money to the attorney in Floyd Stroud's store. The witness was asked: "Was it given to him (the attorney) in his (Floyd Stroud's) presence?" and he answered, "Yes sir, but I could not say whether Floyd saw it or not." He was also asked, "Where was Floyd Stroud?" and he answered, "Talking with the attorney when I gave him the money." The witness had previously testified that Floyd Stroud did not know anything about the matter unless he had seen the witness give the attorney the money.

We do not think it sufficiently appears from this testimony that Floyd Stroud was a party to the payment of this fee, or that he knew what it was. No explanation of it was made at the time by the witness to the attorney, nor did the witness state that he told Floyd Stroud what he intended to do or had done. So far as the testimony shows, this may have been, and was, a transaction without significance to Floyd Stroud, and, in the absence of some showing charging him with knowl-

edge of the transaction, it would be like any other act of an alleged co-conspirator after the end of the conspiracy, and would be inadmissible, under the rule announced in the W. D. Stroud case, and, on account of the admission of this incompetent testimony, which was necessarily prejudicial, the judgment in the Floyd Stroud case will also be reversed.

McCulloch, C. J., and Smith, J., dissent.